UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
TRINITAS MARITIME CARRIERS,

                Plaintiff,

      -against-

CSN CAYMAN LTD. and COMPANHIA
SIDERùRGICA NACIONAL,

                Defendant.
--------------------------------------X

06 CV 7590 (PKL)

AMENDED (VERIFIED COMPLAINT)

Plaintiff, TRINITAS MARITIME CARRIERS (TRINITAS), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendants, CSN CAYMAN LTD. and COMPANHIA SIDERùRGICA NACIONAL (collectively "CSN" or "Defendants"), alleges, upon information and belief, as follows:

    1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's diversity, pendent, supplementary and ancillary jurisdiction.

    2. Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country.

    3. Defendant, CSN CAYMAN LTD. is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business located at Av Pres Juscelino Kubitschek 1830, São Paulo, SP-04543-900, Brazil.

    4. Defendant, COMPANHIA SIDERùRGICA NACIONAL is a business entity existing pursuant to the laws of a foreign country with

1

offices and a place of business located at Rua São José, No. 20, Grupo 1602, Centro, Rio de Janeiro, RJ CEP: 20010-020, Brazil.

5. Upon information and belief, Defendant CSN CAYMAN is a wholly owned subsidiary of Defendant COMPANHIA SIDERÙRGICA NACIONAL.

6. Upon information and belief, Defendant CSN CAYMAN uses Defendant COMPANHIA SIDERÙRGICA NACIONAL as a conduit to pay its debts and obligations and is otherwise an alter ego of CSN CAYMAN, or vice versa.

7. Upon information and belief, Defendant CSN CAYMAN is a shell corporation through which Defendant COMPANHIA SIDERÙRGICA NACIONAL conducts business, and vice versa.

8. Upon information and belief, Defendant CSN CAYMAN has no separate, independent identity from Defendant COMPANHIA SIDERÙRGICA NACIONAL.

9. Upon information and belief, Defendant CSN CAYMAN is the alter ego of Defendant COMPANHIA SIDERÙRGICA NACIONAL because COMPANHIA SIDERÙRGICA NACIONAL dominates and disregards CSN CAYMAN's corporate form to the extent that COMPANHIA SIDERÙRGICA NACIONAL is actually carrying on the business and operations of CSN CAYMAN, as if it were its own, or vice versa.

10. Upon information and belief, Defendant COMPANHIA SIDERÙRGICA NACIONAL acts as a paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant CSN CAYMAN and/or receives payments being made to

2

Defendant CSN CAYMAN, or vice versa.

11. Upon information and belief, Defendant CSN CAYMAN does not maintain a separate identity, but rather is controlled by COMPANHIA SIDERùRGICA NACIONAL, or vice versa.

12. Upon information and belief, Defendants are partners and/or joint venturers.

13. Upon information and belief, Defendants are affiliated companies such that Defendant COMPANHIA SIDERùRGICA NACIONAL is now or will soon be holding assets belonging to Defendant CSN CAYMAN and vice versa.

14. By charter dated November 5, 2003, TRINITAS time chartered the M/V TATJANA from the vessel's owners, Schiffahrtsgesellschaft.mbh & Co. Reederi KG.

15. By sub-charter dated November 28, 2003, TRINITAS voyage chartered the vessel to Defendants for the carriage of tinplates in coils from Rio de Janeiro, Brazil to Cartagena, Spain.

16. Pursuant to the time charter, the vessel owners have commenced arbitration against TRINITAS to recover for, among other aspects, damages representing the payment made to obtain release of the vessel from arrest by the vessel's owners to the consignees of cargoes carried during the aforesaid voyage, as well as additional port dues, agency fees at Cartagena, loss of hire, survey fees and other costs and damages, including interest and legal fees, totalling at least 400,000 Euros.

17. As a result of the foregoing, TRINITAS has incurred, and

3

will continue to incur, costs and expenses for which Defendants are liable under the terms of the voyage charter between TRINITAS and CSN.

18. TRINITAS has placed Defendants on notice of TRINITAS's claim that Defendants have breached the voyage charter.

19. Despite TRINITAS's repeated demands, Defendants have failed to pay the amounts due and owing to TRINITAS under the voyage charter.

20. Pursuant to the voyage charter, disputes are to be settled by arbitration, and TRINITAS shall shortly commence arbitration with Defendants, accordingly.

21. Under the rules of such arbitration, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

22. As a result of Defendants' breach of the voyage charter, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts, exclusive of interest, by way of arbitral award:

A.  Principal Claim:                          $185,000.00;
B:  Attorneys' and Expert's Fees:             $20,000.00; and
C.  Arbitration Expenses:                     $10,000.00.

**Total:**                                    $215,000.00

23. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

4

24. All conditions precedent required of Plaintiff in the aforesaid shipments have been performed.

25. Defendants cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendants have or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, American Express Bank, Bank of America, Bank of New York, Citibank, HSBC Bank USA N.A., J.P. Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, and/or Wachovia Bank N.A., which are believed to be due and owing to Defendants.

26. For the purpose of obtaining personal jurisdiction over the Defendants and securing plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendants, including but not limited to such assets as may be held, received or transferred

5

in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A.  That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That, since the Defendants cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the American Express Bank, Bank of America, Bank of New York, Citibank, HSBC Bank USA N.A., J.P. Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, and/or Wachovia Bank N.A., and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of $215,000 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

6

C. That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

D. That Plaintiff have such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, New York
       November 17, 2006

By: *Edward A. Keane* (EK 1398)
MAHONEY & KEANE, LLP
Attorneys for Plaintiff
111 Broadway, Tenth Floor
New York, New York 10006
(212) 385-1422
File No.: 67/3321/B/06/8

7

ATTORNEY VERIFICATION

STATE OF NEW YORK    :
                    : SS.:
COUNTY OF NEW YORK   :

1. My name is EDWARD A. KEANE.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the plaintiff, TRINITAS MARITIME CARRIERS, in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Amended Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated: New York, New York
       November 17, 2006

Edward A. Keane (EK 1398)